## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

IN RE: Delores N Kee                                    CHAPTER 13
Debtor(s)                                               CASE NO. 20-60378

## MOTION TO INCUR POST-PETITION INDEBTEDNESS
## (REVERSE MORTGAGE)

Comes now, the Debtor(s) by counsel incur indebtedness, and in support thereof states unto the Court as follows:

Your Debtor(s) filed a Chapter 13 bankruptcy proceeding in this Court on **March 2, 2020,** and the Chapter 13 Plan has been confirmed by the Chapter 13 Trustee.

As of the present time, the Debtor is not in default.

That your Debtor(s) desire to incur a new indebtedness, the terms of which are as follows:

The Debtor wishes to incur debt for a reverse mortgage on real property known as ***1 Denver Avenue, Lynchburg, VA  24503.***

### Jurisdiction

1. This is a core proceeding pursuant to 28 U.S.C. §157. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is 11 U.S.C. §§ 105 and 363 and Bankruptcy Rules 2002, 6004 and 9006.

### Petition

3. On ***March 2, 2020,*** the Debtor(s) filed a voluntary petition for relief under Chapter 13 Plan of the Bankruptcy Code.

4. The Debtor's Chapter 13 plan has been confirmed.

5. Upon information and belief, the following are all unreleased liens encumbering the, Property in Lynchburg, VA, including all known deed of trust, judgements and tax liens:

| Lienholder | Type of Lien | Payoff Amount | Source of Payoff Amount |
|---|---|---|---|
| Bayview Mortgage, Inc. | Deed of Trust | 37,493.92 | Reverse Mortgage |

7. The Debtor(s) does not have a Payoff Amount(s). Upon the closing of refinanced property, the settlement or disbursing agent shall pay all normal and customary costs associated with this closing and *the approximate sum of $6,990.00 sent to Trustee to pay towards debtor(s) bankruptcy. Borrower does not need to pay off the bankruptcy to proceed with the reverse mortgage. The reverse mortgage with be at a current market rate or the current rate plus a stated percentage it also maybe adjustable rate.*

10. Such a refinance would realize the full value of the Property, would not prejudice the rights of any party, and would allow those lienholders with liens not avoidable, to realize their security.

11. Pursuant to Local Rule 6004-1, the Debtor(s) respond to the following mandated inquiries as follows:

| Rule | Inquiry | Response |
|---|---|---|
| LR 6004-1(i) | What is the total proposed refinanced amount? | $215,000.00 approximately |
| LR 6004-1(ii) | What amount of the proceeds will be applied to the debtor's obligations under the plan and paid to the Chapter 13 Trustee? | $7,470.00 Approximately after date of closing |
| LR 6004-1(iii) | Will this payment to the Chapter 13 | Yes |

|  | | |
|---|---|---|
|  | *Trustee result in the full payment of all allowed claims* |  |
| **LR 6004-1(iv)** | *What amount from the proceeds will be available to the Debtor?* | *$22,364.30 approximate* |

12. Bankruptcy Rule 6004(h) provides that an order authorizing the refinance of property is stayed until (14) days after entry of the order, unless the court orders otherwise. Under the circumstances of this case, and absent any objection to the refinance, cause exists for the Court to make its order granting this Motion effective immediately upon entry as permitted by Bankruptcy Rule 6004(h), so that the closing may proceed without further delay.

WHEREFORE, your Debtor(s) respectfully request that the Court enter and Order authorizing the transfer of the deed out of the trust and into the debtor(s) individual names and for the execution of the reverse mortgage documents pursuant to 11 U.S.C. 363 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 6004, with all valid deeds of trust, judgments, tax liens and other encumbrances being removed from title to the real property and impressed upon the reverse mortgage proceeds without change in priority and in accordance with the terms set forth herein, or upon terms similar or more favorable to the Debtor(s) in any other refinance of the Property.

Dated: 06/08/23

Respectfully submitted,
Dolores N Kee
/s/ Stephen E. Dunn
Of Counsel

Stephen E. Dunn, Esq., VSB No. 26355
Michelle J. Dunn, Esq., VSB No. 90687
Stephen E. Dunn, PLLC
201 Enterprise Dr., Suite A
Forest, Va. 24551
Phone: 434-385-4850
Email: stephen@stephendunn-pllc.com
   michelle@stephendunn-pllc.com

# Reverse Mortgage Comparison

From: Rayetta M Webb, Bank of The James
Phone: 434-309-9967

Estimates For: Dolores N Kee (3/15/1933)

Closing Date: 7/20/2023 (estimate)

| Rates and Fees | Sample Option |
|---|---|
| Margin | 2.750% |
| Initial Interest Rate | 7.930% |
| Expected Interest Rate | 6.410% |
| Annual Mortgage Insurance Rate | 0.50% |
| Cap on Interest Rate | 12.930% |
| Initial Line of Credit Growth | 8.430% |

## Calculation

| | |
|---|---|
| Home Value | $215,000.00 |
| Maximum Claim Amount | $215,000.00 |
| **Principal Limit** | **$130,290.00** |
| - Initial Mortgage Insurance Premium | $4,300.00 |
| - Origination Fee | $4,150.00 |
| - Other Costs | $10,127.95 |
| + Credits | $0.00 |
| **Remaining Principal Limit** | **$111,712.05** |
| - Liens and Mortgages | $37,493.92 |
| - Repair Set Aside | $0.00 |
| **Property Charge Set Aside** | **Fully Funded** |
| First Year Property Charge Set Aside | $2,691.65 |
| Additional Property Charge Set Aside | $11,009.36 |
| - Total Property Charge Set Aside | $13,701.01 |
| **Total Mandatory Obligations** | **$58,763.52** |
| % of Principal Limit | 45.11% |
| **Initial Disbursement Limit** | **$78,174.00** |
| % of Principal Limit | 60.00% |
| **Available Principal Limit** | **$60,517.12** |

### Available Funds and Requested Payments

| | |
|---|---|
| **Max Available Cash at Closing** | **$19,410.48** |
| Cash Request | $16,000.00 |
| **Total Line Of Credit** | **$22,774.78** |
| Line Of Credit Available 1st Year | $410.48 |
| Additional Line Of Credit Available After 1st Year | $22,364.30 |
| **Monthly Payment 1st Year** | **$250.00** |
| **Monthly Payment Request (Tenure)** | **$250.00** |
| Initial Loan Balance | $72,071.87 |
| Unavailable Principal Limit | $0.00 |

The above numbers are calculated based upon the specified interest rates and the estimated closing date noted above. Changes in interest rates and/or changes in actual closing dates may cause the amounts available to be higher or lower than stated.

_____  
Dolores N Kee

_____  
Date

Loan Officer Company NMLS #: 410452
Loan Officer NMLS #: 165753
2008-2023 ReverseVision, Inc.    4585,624

Page 1 of 1

Printed: 6/7/2023
Compare / 0118

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

IN RE: Delores N Kee                                    CHAPTER 13
       Debtor(s)                                                    CASE NO. 20-60378

**NOTICE OF HEARING ON MOTION TO INCUR AND ATTORNEY FEE APPLICATION**

Please take notice that Counsel for the above-named Debtor(s) filed a Motion to Incur Post Petition Debt (Reverse Mortgage) and Attorney Fee Application, true copies of which are attached hereto, and shall submit the same to the Honorable Rebecca B. Connelly, Bankruptcy Judge, for approval on July 12, 2023 at 9:30 am., or as soon thereafter as the parties may be heard by Video Conferencing URL: https://www.zoomgov.com/j/1603692643; Meeting Id: 160 369 2643.

Objections to the Motion to Incur Post Petition Debt (Reverse Mortgage) and Attorney Fee Application must be filed in writing, with copies thereof served on the Trustee and Counsel for the Debtor(s) more seven (7) days before the date of the hearing as set forth above. Any party wishing to object to the Motion to Incur Post Petition Debt (Reverse Mortgage) and the Attorney Fee Application described in the Motion must file a written response to the Motion with the Court and serve such objection upon the Court more than seven (7) days before the hearing date set forth above. The failure to file a response by this deadline may result in the Court treating the Motion as uncontested, entering an order granting the Motion prior to the hearing date and canceling the hearing described in this Notice.

I do hereby certify that a copy of this Notice and Motion have been sent to the Chapter 13 Trustee by ECF Mail, to the Debtor and all creditors by first class postage prepaid mail in this case on the after mentioned date.

Dated: 06/08/23                                         Respectfully submitted,
                                                        Dolores N Kee
                                                        /s/ Stephen E. Dunn
                                                       Of Counsel

Stephen E. Dunn, Esq., VSB No. 26355
Michelle J. Dunn, Esq., VSB No. 90687
Stephen E. Dunn, PLLC
201 Enterprise Dr., Suite A
Forest, Va. 24551
Phone: 434-385-4850
Email: stephen@stephendunn-pllc.com
           michelle@stephendunn-pllc.com